UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JAMES L. CONCA,

Plaintiff,

v.

RJ LEE GROUP INC., ET AL.,

Defendants.

No. 4:15-CV-5017-EFS

**ORDER DENYING MOTION FOR REMAND AND GRANTING MOTION TO AMEND**

Before the Court, without oral argument, is Plaintiff James Conca's Motion for Remand, ECF No. 9, and Defendants RJ Lee Group Inc., Richard Lee, Sandra Lee, David James, and Patricia James's Motion to Amend their Notice of Removal, ECF No. 16. Plaintiff asks the Court to remand this matter to state court because the notice of remand does not sufficiently establish diversity jurisdiction under 28 U.S.C. § 1332. Defendants oppose the motion to remand, arguing that their notice of removal is sufficient. In response to Plaintiff's motion, Defendants provide additional information to demonstrate that removal was proper and argue that they should be permitted to amend their notice of removal if the Court finds it lacking. Subsequently, Defendants also filed a motion to amend their notice of removal, ECF No. 16, which Plaintiff also opposes, ECF No. 19. Having reviewed the

pleadings and the file in this matter, the Court is fully informed and denies the motion for remand and grants the motion to amend.

## I. LEGAL STANDARD

To remove a civil action from state court, a defendant must file a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The defendant must file the notice of removal within 30 days of receiving service of a summons or a copy of the initial pleading. *Id.* § 1446(b). An action may be removed only if the federal district court has original jurisdiction over the matter. *Id.* § 1441(a). Section 1441 is strictly construed, *Shamrock Oil & Gas Corp. v. Sheets* 313 U.S. 100, 108 (1941), and the party seeking removal has the burden of establishing federal jurisdiction is appropriate. *Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 771 (9th Cir. 1986).

A federal court has diversity jurisdiction over an action between citizens of different states with an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). A corporation is a citizen of the state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). An individual is a citizen of the state where she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* Therefore, "[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.*

To determine whether removal was appropriate, a federal court considers the face of the complaint and may also look to the notice of removal and require the parties to submit relevant evidence. *See Singer v. State Farm. Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (stating that the court may follow the preceding procedure to determine the amount in controversy on removal); *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (stating that other documentation can provide the basis for determining the amount in controversy, including "affidavits or other evidence submitted in federal court" after removal). If it appears that the case was removed improperly, the district court must remand the case and may award costs and fees. 28 U.S.C. § 1447(c).

In some cases, a notice of removal may be amended after the 30-day removal period has expired. Generally, a notice of removal may be amended to supplement or clarify a ground for removal that has already been stated but not to add a new ground for removal that was not present previously. *See* 14C Wright, Miller, Cooper & Steinman, Federal Practice & Procedure § 3733 (4th ed. 2009) (stating that after the 30-day period for removal has expired, "most cases indicate that defendants may amend the notice only to set out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice"); *see also Emeldi v. Univ. of Or.*, 698 F.3d 715, 723, 731 (9th Cir. 2012) (upholding delayed amendment of notice of removal that incorrectly alleged the county in which the underlying suit had been filed); *Wood v. Crane Co.*, 764 F.3d 316, 323 (4th Cir. 2014) ("[A]fter thirty days, district courts have discretion to permit

amendments that correct allegations already present in the notice of removal."); *Matrix Z, LLC v. Landplan Design, Inc.*, 493 F. Supp. 2d 1242, 1245–46 (S.D. Fla. 2007) (permitting amendment of the notice of removal to provide specifics regarding the parties' principal places of business where original notice of removal included only a conclusory assertion that parties were citizens of different states).

The basis for this rule is 28 U.S.C. § 1653, which states, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. The Supreme Court has clarified that this statute applies to "incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989). The Supreme Court has explained that section 1653 would apply if a party were domiciled in a particular state, such that diversity jurisdiction existed, "but the complaint did not so allege." *Id.* at 831. The legislative history of § 1653 supports this interpretation. *Id.*

## II. ANALYSIS

"Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 663. Having reviewed the pleadings and the file, the Court finds there can be no doubt that diversity of citizenship is present and diversity jurisdiction proper in this case. The complaint, on its face, indicates that RJ Lee Group is headquartered in Pennsylvania and that Richard and Sandra Lee and David James reside in Pennsylvania. Complaint, ECF No. 1-2 ¶¶ 2, 4–5. The complaint also states that

Plaintiff resides in Benton County, Washington. *Id.* ¶ 6. The notice of removal states, "the action is between citizens of different states," and that "complete diversity of citizenship exists." Notice of Removal, ECF No. 1 ¶¶ 5, 11. It further states that Plaintiff is a resident of Benton County, Washington, that RJ Lee Corporation's principal place of business is in Pennsylvania, and that all of the individual defendants are residents of Pennsylvania. *Id.* ¶¶ 6–8. These statements of residence alone are insufficient to establish diversity jurisdiction because it is citizenship not residence that matters. *See Kanter*, 265 F.3d at 857.

However, in response to Plaintiff's motion to remand, Defendants submitted verifications from each of the individual defendants stating that they are presently, and indefinitely intend to remain, citizens, residents, employees, property owners, registered voters, and licensed drivers in Pennsylvania. Decls. of Richard Lee, Sandra Lee, David James, and Patricia James, ECF Nos. 12-1, 12-2, 12-3 & 12-4. After considering the verifications, as it is permitted to do, *see Singer*, 116 F.3d at 377, the Court finds that Defendants are domiciled in Pennsylvania and have established that they are citizens of Pennsylvania for diversity jurisdiction purposes. *See Kanter*, 265 F.3d at 857.

Plaintiff persistently argues that his citizenship has not been established. *See* ECF No. 15 at 2; ECF No. 19 at 2–3. Nowhere in his Complaint or in his briefing on these motions does Plaintiff suggest that he is not a citizen of Washington. In fact, the complaint states that Plaintiff "permanently relocated" to Washington and resides in

Benton County, Washington. Complaint, ECF No. 1-2 ¶¶ 6, 20. Though Plaintiff alleges that he previously lived and worked in New Mexico, Complaint, ECF No. 1-2 ¶ 13, he does not indicate that he has ever lived or worked in Pennsylvania or intended to make it his permanent home. *See* Plaintiff's Reply, ECF No. 15 at 2 (arguing that Plaintiff's citizenship has not been established but providing no indication that Plaintiff is a citizen of Pennsylvania); ECF No. 19 at 2–3 (same). As long as Plaintiff is a citizen of some state and is not a citizen of Pennsylvania, then diversity jurisdiction is proper. 28 U.S.C. § 1332.

The Court finds that Defendants have met their burden of showing that diversity jurisdiction is appropriate. The complaint, the notice of removal, and Defendants' verifications establish that Defendants are all Pennsylvania citizens. The complaint states that Plaintiff "permanently relocated" to Benton County, Washington, and resided there when the complaint was filed. Plaintiff has not so much as hinted in his briefing that he is a citizen of any state other than Washington. The Court finds that it would be neither fair nor efficient, and would waste even more judicial resources, to remand this matter when there is no doubt that diversity jurisdiction is proper and that Defendants' failure to properly plead the parties' citizenship for diversity jurisdiction purposes was a technical defect. Because the Court declines to remand the case, it may not grant Plaintiff's request for costs and attorney fees under 28 U.S.C. § 1447(c).

Despite finding that Defendants established diversity jurisdiction, in an abundance of caution, the Court permits Defendants to amend their notice of removal to clearly allege the citizenship of all parties. 28 U.S.C. § 1653; *see Emeldi*, 673 F.3d at 1222–23, 1230 (holding that even if the error in the notice of removal was fatal to federal jurisdiction, amendment of the notice of removal cured the defect even though the amendment occurred after the 30-day period for removal expired). This is not a situation where there are, "defects in the jurisdictional facts themselves." *Newman-Green*, 490 U.S. at 831. Instead, Defendants' notice of removal contained incomplete statements about diversity jurisdiction that actually exists. *See id.* Therefore, the Court exercises its discretion to permit Defendants to amend the notice of removal. *See* 28 U.S.C. § 1653; *Kanter*, 265 F.3d at 858 (citing § 1653 and stating that defects in a notice of removal that alleged only the residence of one defendant and stated that the other defendants were not citizens of the same state as the plaintiff could have been cured by an amendment).

## III. CONCLUSION

Diversity jurisdiction is proper in this case and is not defeated by Defendants' technical failure to properly plead each party's citizenship in their notice of removal. The Court declines to remand the case and permits Defendants to promptly amend their notice of removal.

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Plaintiff's Motion for Remand, **ECF NO. 9**, is **DENIED**.

**2.** Defendants' Motion to Amend Notice of Removal, **ECF No. 16**, is **GRANTED.**

**3.** Defendants are to promptly file an amended notice of removal which will completely replace and supersede the original notice of removal, ECF No. 1.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 6th day of April 2015.

s/Edward F. Shea
EDWARD F. SHEA
Senior United States District Judge