1

2

3

4

5                UNITED STATES DISTRICT COURT

              EASTERN DISTRICT OF WASHINGTON

6

7 JAMES L. CONCA,              No.  4:15-CV-5017-EFS

8              Plaintiff,

9      v.             **ORDER GRANTING MOTION TO AMEND,**

                          **DENYING AS MOOT MOTION TO STRIKE,**

10 RJ LEE GROUP INC., ET AL.,    **AND GRANTING IN PART AND DENYING**

                          **WITH LEAVE TO RENEW IN PART**

11             Defendants.    **MOTION TO DISMISS**

12

13      Before the Court, without oral argument, are Defendants Richard

14 Lee, Sandra Lee, David James, and Patricia James's Motion to Dismiss,

15 ECF No. 4; Defendants' Motion to Strike, ECF No. 17; and Plaintiff

16 James L. Conca's Motion to Amend Complaint, ECF No. 22.    The

17 individual Defendants[1] asked the Court to dismiss all claims against

18 them with prejudice.    ECF No. 4.    Plaintiff opposed the motion to

19 dismiss and filed a declaration "to describe Dr. Richard J. Lee and

20 Mr. David K. James' contacts with Washington State."    ECF Nos. 13 &

21 13-1.    Defendants moved to strike Plaintiff's declaration because it

22 sought to introduce factual assertions not in the complaint and not

23 related to personal jurisdiction.    ECF No. 17.    In response, Plaintiff

24 filed a motion to amend his complaint to incorporate his declaration

25 and to add additional factual allegations regarding his wage claim.

26 [1] RJ Lee Group, Inc., the corporate Defendant, is not joined in the motion to dismiss, and instead filed an answer to the complaint.  ECF Nos. 4 & 5.

ECF No. 22.   Defendants oppose the motion to amend, arguing that the proposed amended complaint fails to cure the deficiencies raised in Defendants' motion to dismiss and thus amendment would be futile.   ECF No. 24.   Having reviewed the pleadings and the file in this matter, the Court is fully informed and grants the motion to amend, denies as moot the motion to strike, and grants in part and denies with leave to renew in part the motion to dismiss.

## I.    **MOTION TO AMEND COMPLAINT**

**A.    Legal Standard**

Federal Rule of Civil Procedure 15 governs amendment of pleadings.   "A party may amend its pleading . . . [after a responsive pleading is served] only with the opposing party's written consent or the court's leave.   The court should freely give leave when justice so requires."   Fed. R. Civ. P. 15(a).   Given that the purpose of pleadings is "to facilitate a proper decision on the merits," *Conley v. Gibson*, 355 U.S. 41, 48 (1957), Rule 15 is to be applied with "extreme liberality," *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).   Furthermore, formal and burdensome impediments should not be erected during the litigation process.   *Id.*

The following guidance was provided to district courts by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment,

futility of amendment, etc.--the leave sought should, as
the rules require, be "freely given."

*Id.* at 182; *see also Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) ("Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint.").

The Ninth Circuit has clarified that not all of the factors merit equal weight. *Eminence Capital, LLC*, 316 F.3d at 1052; *United States v. Webb*, 655 F.2d 997, 980 (9th Cir. 1981); *Hurn Ret. Fund Trust of Plumbing*, 648 F.2d 1252, 1254 (9th Cir. 1981). In fact, prejudice to the opposing party is given the most consideration, *Eminence Capital, LLC*, 316 F.3d at 1052, while delay alone is an insufficient reason to deny the motion to amend. *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319-20 (9th Cir. 1984). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC*, 316 F.3d at 1052; *see Howey v. United States*, 481 F.2d 1187 (9th Cir. 1973).

**B.    Analysis**

An analysis of the above factors reveals no reason why leave to amend should not be given in this case. Plaintiff's proposed amended complaint incorporates the content of Plaintiff's declaration (¶ 21) and adds three paragraphs of allegations (¶¶ 33-35) but is otherwise identical to Plaintiff's original complaint. *Compare* ECF No. 22-1 *with* ECF No. 1-2. Plaintiff's amended complaint does not add new

1   claims or defendants.  ECF No. 22-1.  This is Plaintiff's first

2   request to amend his complaint.  *See Desertrain*, 754 F.3d at 1154.

3   There is no evidence that Plaintiff's motion is brought in bad faith

4   or that Defendants will be prejudiced by the amendment.  *See id*; ECF

5   No. 24.  In fact, Defendants recently received leave to amend their

6   notice of removal, ECF No. 20, so it is equitable that Plaintiff also

7   be given a chance to amend his pleading.  The Court does not find that

8   amendment would be futile.  *See Desertrain*, 754 F.3d at 1154.

9   Furthermore, Plaintiff has not unduly delayed his motion—this case was

10  filed in February 2015 and discovery has not yet commenced.  *See id.*

11  In sum, the Court finds that the *Foman/Desertrain* factors weigh in

12  favor of amendment and grants Plaintiff's motion to amend.

13      Plaintiff is to promptly file an amended complaint.  For clarity

14  and the ease of the parties and the Court going forward, **Plaintiff is**

15  **not to incorporate his declaration by reference but rather is to**

16  **incorporate the allegations contained therein into the complaint**

17  **itself**, in conformance with Federal Rules of Civil Procedure 8 and 10.

18              **II.  <u>MOTION TO STRIKE</u>**

19      Defendants move to strike Plaintiff's Declaration, ECF No. 13-1,

20  arguing that the declaration impermissibly seeks to introduce facts

21  not in the complaint to avoid a finding that Plaintiff has not stated

22  a claim.  ECF No. 17.  In light of the Court's ruling above permitting

23  Plaintiff to amend his complaint to incorporate the contents of his

24  declaration, Defendants' motion to strike is denied as moot.

25  //

26  /

ORDER – 4

### III.  **DEFENDANTS' MOTION TO DISMISS MRS. LEE AND MRS. JAMES**

Defendants Jane Doe (Sandra) Lee and Jane Doe (Patricia) James are named in the caption of the complaint, but neither the complaint nor the proposed amended complaint contains allegations against them. Complaint, ECF No. 1-2; Proposed Amended Complaint, ECF No. 22-1. Additionally, there is no allegation that Mrs. Lee or Mrs. James has any contact with Washington, and there is no evidence that Mrs. Lee and Mrs. James were personally served with process. *See Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945) (requiring that a defendant have "minimum contacts" with a jurisdiction in order for the jurisdiction to have personal jurisdiction over the defendant); Fed. R. Civ. P. 4(m) (providing the time limit for service of process).  Therefore, the Court will dismiss the claims against them unless it finds that they have been properly included in this suit, subjected to the Court's jurisdiction, and served as part of their respective marital communities.

The Court finds that Mrs. Lee and Mrs. James are not properly included in this suit solely as members of a marital community.  Dr. and Mrs. Lee and Mr. and Mrs. James are domiciled in Pennsylvania, which is not a community property state. *Everson v. Everson*, 264 Pa. Super. 563, 572 (Pa. Super. Ct. 1979) ("[T]he concept of 'community property' is repugnant to the law of Pennsylvania").  The fact that Dr. Lee and Mr. James undertook business acts in Washington does not mean they are members of a marital community under Washington law, particularly when there are no allegations that their spouses took any

1  action in or have any connection to Washington.[2]  *See Powell v. Am.*

2  *President Lines, Ltd.*, No. C08-1606MJP, 2009 WL 367209, at *1–2 (W.D.

3  Wash. Feb. 10, 2009) (unpublished) (holding that the defendant's

4  spouse could not be sued solely to access any community property

5  because the defendant and his wife resided in a non-community-property

6  state and so possessed no community property).

7      There are also no allegations that the Lees or the Jameses

8  possess any assets in which Washington has a significant interest that

9  could be community property.  *See Brookman v. Durkee*, 46 Wn. 578, 583

10  (1907) ("[W]e are clear that personal property acquired by either

11  husband or wife in a foreign jurisdiction, which is by law of the

12  place where acquired the separate property of one or the other of the

13  spouses, continues to be the separate property of that spouse when

14  brought within this state."); *G.W. Equip. Leasing, Inc. v. Mt.*

15  *McKinley Fence Co., Inc.*, 97 Wn. App. 191, 196–97 (Wn. Ct. App. 1999)

16  ("[W]hen management of community property is at issue, the state with

17  the most significant interests is typically the state where the

18  spouses reside.").  Because there are no claims against them

19  individually and because there is no marital community that may be

20  sued or community property that may be sought, the Court dismisses all

21  claims against Mrs. Lee and Mrs. James without prejudice and grants

22  the motion to dismiss in this regard.

23  //

24  /

_____

25  [2] The complete lack of allegations that Mrs. Lee and Mrs. James personally
availed themselves of the laws of Washington also raises a significant
26  concern that the Court lacks personal jurisdiction over them. *See Burger
King Corp. v. Rudzewicz*, 471 U.S. 462, 472–75 (1985).

## IV.    REMAINDER OF DEFENDANTS' MOTION TO DISMISS

Because the Court grants Plaintiff leave to amend his complaint, the remainder of Defendants' motion to dismiss is denied with leave to renew.  If, after reviewing Plaintiff's amended complaint, Defendants wish to renew their motion to dismiss, they may do so.  However, their motion must identify with specificity which portions of the amended complaint Defendants seek to dismiss and articulate the legal bases for doing so.

## V.    REMINDER TO THE PARTIES

The Court notes that the motions practice thus far in this litigation has not been the most efficient use of the parties' and the Court's resources.  Twice already a motion has been briefed and then a subsequent motion to amend has obviated all or part of a decision on the prior motion.  The parties are encouraged to confer with each other and to act consistent with Local Rule 83.1(k) to move the litigation forward efficiently.

## VI.    CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

1.    Plaintiff's Motion to Amend Complaint, **ECF No. 22**, is **GRANTED**.  Plaintiff is to promptly file an amended complaint that conforms to the requirements set forth herein.

2.    Defendants' Motion to Strike, **ECF No. 17**, is **DENIED AS MOOT**.

3.    Defendants' Motion to Dismiss, **ECF No. 4**, is **GRANTED IN PART** (all claims against Mrs. Lee and Mrs. James dismissed

1   without prejudice) and **DENIED IN PART WITH LEAVE TO RENEW**

2   (remainder).

3   **4.**    All claims against Jane Doe (Sandra) Lee and Jane Doe

4   (Patricia) James are **DISMISSED** without prejudice.

5   **IT IS SO ORDERED.**   The Clerk's Office is directed to enter this

6   Order and provide copies to all counsel.

7   **DATED** this  _21st_  day of April 2015.

8

9                        s/Edward F. Shea
                        EDWARD F. SHEA
10                Senior United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Q:\EFS\Civil\2015\5017.am.compl.dismiss.wives.lc2.docx

ORDER – 8