UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES CONCA,<br><br>                    Plaintiff,<br><br>          v.<br><br>RJ LEE GROUP, INC., a Pennsylvania Corporation, and RICHARD J. LEE,<br><br>                    Defendants. | No.  4:15-CV-5017-EFS<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION** |

Before the Court, without oral argument, is Defendants' Motion for Reconsideration. ECF No. 82. Defendants believe the Court erred in its summary-judgment order by not dismissing Plaintiff's Wrongful Withholding of Wages Claim pursuant to RCW 49.52.050-070.

The Court denied summary judgment because "summary judgment is appropriate only if the contract or the contract provision in question is unambiguous." *Castaneda v. Dura-Vent Corp.*, 648 F.2d 612, 619 (9th Cir. 1981). "A contract or a provision of a contract is ambiguous if it is reasonably susceptible of more than one construction or interpretation." *Id.* The Court looked at the language of the contract and found it to be ambiguous and therefore denied summary judgment. Defendants argue that because the Court held that the contractual language was ambiguous it necessarily means that there is a bona fide

ORDER - 1

dispute. ECF No. 82. Defendants' argument, however, is based on imperfect logic and confused legal standards.

"Contract interpretation is generally a determination of fact; 'it is the process that ascertains the meaning of a term by examining objective manifestations of the parties' intent.'" *Durand v. HIMC Corp.*, 151 Wash. App. 818, 829 (2009) (citing *Denny's Rests., Inc. v. Sec. Union Title Ins. Co.*, 71 Wash. App. 194, 201 (1993)). The touchstone of contract interpretation is the parties' intent. *Id.* The Court looks "for the parties' intent in the contract's language, subject, and objective; the circumstances surrounding formation; the parties' subsequent conduct; and the reasonableness of the parties' interpretations." *Id.* (quoting *Tanner Elec. Coop. v. Puget Sound Power & Light*, 128 Wash.2d 656, 674 (1996)).

Just because the language of a contractual provision is found to be objectively ambiguous for summary-judgment purposes does not necessarily mean that a jury cannot find that the parties agreed to a specific meaning of the provision, or that the Defendants did not subjectively believe that they were under an obligation to pay the Plaintiff, or that they did not willfully withhold wages. What the contractual provision means, what the parties' intent was, whether Defendants' subjectively believed that they were under an obligation to pay the Plaintiff, and whether they willfully withheld wages, are all questions of fact to be determined by a jury. Finding a contractual provision objectively ambiguous for the purposes of summary judgment review does not require the Court to also find subjective understanding.

ORDER - 2

Accordingly, **IT IS HEREBY ORDERED**, Defendant's Motion for Reconsideration, **ECF No. 82**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this ___12th___ day of April 2016.

                          s/Edward F. Shea
                          EDWARD F. SHEA
                Senior United States District Judge

Q:\EFS\Civil\2015\5017.ord.deny.recon.lc2.docx

ORDER **-** 3